IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NORMAN ALLAN CARNEY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-06-190-N-LMB |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| ACTING WARDEN KIM JONES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Respondent's Motion for Summary Dismissal (Docket No. 8).  The Clerk of Court has sent Petitioner a Notice to Pro Se Litigants of the Summary Judgment Rule Requirements (Docket No. 9).  Petitioner filed a Response on August 21, 2006 (Docket No. 10).  All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket No. 13).

Having reviewed the record in this case, the Court concludes that a hearing is unnecessary to resolve the Motion for Summary Dismissal.  Having considered the Motion and Response, the Court enters the following Order.

## I.

## BACKGROUND

Petitioner was convicted by jury of two counts of lewd conduct with a minor child in the Third Judicial District, Washington County, Idaho.  On June 17, 2002, he was

MEMORANDUM DECISION AND ORDER - 1

sentenced to two years fixed and six years indeterminate on each count, with the sentences to run concurrently.  *See State's Exhibit A-1*, at pp. 121-22 (Docket No. 7).

Petitioner filed a direct appeal and a post-conviction action, both of which he pursued only through the level of the Idaho Court of Appeals.  *See State's Exhibits B-1 through D-6.*

Petitioner filed his federal Habeas Corpus Petition on May 12, 2006, raising several ineffective assistance of counsel claims.  *See Petition* (Docket No. 1).  Currently pending before the Court is Respondent's Motion for Summary Dismissal, wherein Respondent argues that Petitioner's Petition was untimely and that his claims are procedurally defaulted.

## II.

## MOTION FOR SUMMARY DISMISSAL

### A.      Standard of Law Governing Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   In such a case, the Court construes the facts in a light most favorable to the petitioner.  When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings.  *Mack v. South Bay Beer Distributors*, 798 F.2d

MEMORANDUM DECISION AND ORDER - 2

1279, 1281 (9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public

record, and doing so does not convert a motion for summary dismissal into a motion for

summary judgment.  *Id*.  Accordingly, the Court has taken judicial notice of those

portions of the state court record lodged by the parties.

**B.**     **Statute of Limitations Standard of Law**

The Petition in this case is governed by the provisions of the Anti-Terrorism and

Effective Death Penalty Act (AEDPA), enacted in 1996.  Under AEDPA, petitioners have

a one-year statute of limitations period within which to file a federal habeas corpus

petition.  The one-year period usually begins to run from the date the state court judgment

"became final by the conclusion of direct review or the expiration of the time for seeking

such review."  28 U.S.C. § 2244(d)(1)(A).

AEDPA also contains a tolling provision that stops the one-year limitation period

from running during the time in "which a properly filed application for State

postconviction or other collateral review with respect to the pertinent judgment or claim

is pending."  28 U.S.C. § 2244(d)(2).  The Ninth Circuit has interpreted 28 U.S.C. §

2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time

during which a state prisoner is attempting, through proper use of state court procedures,

to exhaust state court remedies with regard to a particular post-conviction application."

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

MEMORANDUM DECISION AND ORDER - 3

*Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

If a petitioner does not seek review of an Idaho Court of Appeals decision by filing a petition for review with the Idaho Supreme Court, the judgment becomes final on the expiration of the time within which he could have filed a petition for review, which is a time period of 21 days.[2] *See Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001).

**C.    Discussion of Statute of Limitations Issue**

    1.    Relevant Events and Dates

On June 25, 2002, Petitioner filed a direct appeal.  On October 2, 2003, the Idaho Court of Appeals affirmed Petitioner's conviction, and on October 24, 2003, that Court issued its remittitur.  *See State's Exhibit C-5 & C-6.*  Petitioner did not file a petition for review with the Idaho Supreme Court.

On November 6, 2002, during the pendency of his direct appeal, Petitioner filed a state post-conviction relief petition.  *See State's Exhibit B-1*, at p. 5.  The state district court denied Petitioner's petition.  *See id.*, at p. 84.  Petitioner then filed an appeal. *State's Exhibit D-1*.  The Idaho Court of Appeals affirmed the district court's summary dismissal of the post-conviction petition on August 11, 2004, and issued its remittitur on September 2, 2004.  *See State's Exhibits D-5 & D-6.*  Petitioner did not file a petition for review with the Idaho Supreme Court.  No further actions challenging Petitioner's

---

[2]Idaho App. R. 118.

MEMORANDUM DECISION AND ORDER - 4

conviction or sentence were filed in state court.  Petitioner filed his federal Petition on May 12, 2006.

      2.    <u>Calculation of Statute of Limitation</u>

Petitioner's federal statute of limitation began on October 24, 2003, when Petitioner's direct appeal became final upon the Idaho Court of Appeals issuing its remittitur.  However, the federal statute was tolled the day it began because Petitioner also had his state post-conviction action pending.  That case was neither completed nor final until September 2, 2004, when the Idaho Court of Appeals issued its remittitur, 21 days after issuance of its decision.  Therefore, Petitioner had until September 2, 2005 within which to file his federal petition, but he did not do so until May 12, 2006.  As a result, it was untimely by approximately eight months.

**D.**    **Equitable Tolling or Actual Innocence**

The limitations period may be equitably tolled under exceptional circumstances, allowing a federal court to hear the merits of a late habeas petition.  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Id*. at 418.  In order to qualify for equitable tolling, a circumstance must have prevented or caused a petitioner to be unable to file his federal Petition in time.

The Ninth Circuit Court of Appeals has held that a prisoner's lack of access to AEDPA materials may, under certain circumstances, either (1) establish a reason to

MEMORANDUM DECISION AND ORDER - 5

equitably toll the statute of limitation, or (2) constitute a state-created impediment to filing a petition that triggers a later starting date for the limitation period.  *See Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000); *see also Egerton v. Cockrell*, 334 F.3d 433, 438-439 (5th Cir. 2003) (holding that the absence of AEDPA in prison law library, coupled with a prisoner's lack of independent knowledge of AEDPA or its time limitation, constitutes a state impediment under § 2244(d)(1)(B)).  In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time.  *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir.2001) (per curiam) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

Under all these circumstances, the Court will allow  Petitioner an opportunity to state specifically the facts and circumstances that caused him to miss the statute of limitations.  He may file a brief on equitable tolling, along with any exhibits or evidentiary affidavits that support his assertions.

Petitioner asserts that he is actually innocent.  The Ninth Circuit Court of Appeals has addressed the issue that there may be an actual innocence exception to the one-year statute of limitations.  *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding to the district court to determine whether the petitioner had established a claim of actual innocence, and if so, to then address and decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations").  *Majoy* indicates that district

MEMORANDUM DECISION AND ORDER - 6

courts should first consider whether a petitioner is actually innocent before deciding if an

actual innocence exception to the statute of limitation exists. *Id*. at 777-78.

With the Ninth Circuit's directions in mind, the Court will allow Petitioner an

opportunity to file a brief, exhibits, and affidavits, if any, supporting his claim of actual

innocence. To show actual innocence, Petitioner must make a colorable showing of

*factual* innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). That is, actual

innocence must be premised on "factual innocence, not mere legal insufficiency."

*Bousley v. United States*, 523 U.S. 614, 615 (1998). For example, types of evidence

"which may establish factual innocence include credible declarations of guilt by another,

*see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see*

*Schlup v. Delo*, 513 U.S. 298, 331 (1995), and exculpatory scientific evidence." *Pitts v.*

*Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). Petitioner's current bare, unsupported

allegation that there was no mitigation specialist to "adequately mitigate [his] demeanor

and character with respect to [his] actual innocence" is insufficient to show or establish

factual innocence in light of the facts presented to jurors, who were able to observe the

demeanor of Petitioner and the two victims' testimony at trial regarding the incidents

supporting the two charges of which he was convicted.

**E.    Standard of Law Governing Exhaustion and Procedural Default**

Respondent asserts that Petitioner's claims are procedurally defaulted. It is well

established that a petitioner is required to exhaust his state court remedies before pursuing

a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust such a claim, a

MEMORANDUM DECISION AND ORDER - 7

habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. Under such a circumstance, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731.

## F.    Discussion of Procedural Default Issues

Petitioner filed a direct appeal and a post-conviction case, but in neither instance did he file a petition for review before the Idaho Supreme Court. For this reason, Petitioner's first and third claims are clearly procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. at 845 (presentation of claims to the highest state court is required for proper exhaustion).

Petitioner's second and fourth claims are procedurally defaulted because they were never presented to *any* Idaho state court. As a result, Petitioner cannot proceed with federal habeas corpus proceedings unless he shows cause and prejudice or a miscarriage of justice (actual innocence).

MEMORANDUM DECISION AND ORDER - 8

**G.      Discussion of Cause and Prejudice and Miscarriage of Justice**

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent.  *Murray v. Carrier*, 477 U.S. at 496.  To satisfy this standard, a petitioner must make a colorable showing of factual innocence.  *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant]

MEMORANDUM DECISION AND ORDER - 9

guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial.  *Id.* at 316.

With all of the foregoing in mind, the Court will allow Petitioner an opportunity to present a cause and prejudice or miscarriage of justice argument in a supplemental brief, and if evidence is available to support his claims, with admissible exhibits and affidavits, if applicable or if they exist.

## H.    Conclusion

The Court concludes that Petitioner's claims are both untimely and procedurally defaulted.  Therefore, Respondent's Motion for Summary Dismissal will be conditionally granted.  The parties may provide supplemental briefing on the remaining issues. Thereafter, the Court will consider the submissions, if any, and then determine whether Petitioner can proceed, or whether the summary dismissal should be made final.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 8) is CONDITIONALLY GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner may file evidence and/or briefing on equitable tolling, actual innocence, and cause and prejudice no later than **February 17, 2007.**  Thereafter, Respondent may file a response, and Petitioner may file

a reply, if desired within the time allowed by the governing court rules of procedure.  In

the event Petitioner does not file the allowed briefing and/or evidence, his claims will be

dismissed.



DATED:  **January 4, 2007**.

_____

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge